**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

July 02, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

| | | |
|---|---|---|
| QIN CHEN, | § | |
| Petitioner, | § § § | |
| v. | § § | NO. SA-26-CV-2668-OLG |
| MIGUEL VERGARA *et al.*, | § § | |
| Respondents. | § § | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Pending before the Court is Petitioner Qin Chen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4). For the reasons that follow, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

### I.   BACKGROUND

Petitioner is a citizen of China who entered the United States on January 7, 2026, at which time she was detained and placed in expedited removal proceedings. *See* Dkt. No. 4-1 at 2. On March 17, 2026. an immigration officer issued a negative fear determination, which was affirmed by an immigration judge on March 26, 2026. *Id.* Petitioner is therefore subject to an administratively final order of removal. *See* 8 C.F.R. § 1003.42(f)(2) ("No appeal shall lie from a review of a negative fear determination made by an immigration judge . . . ."). On April 22, 2026, Petitioner initiated this habeas corpus action, in which she challenges her continued detention under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[1]

---

[1] Respondents assert that, because Petitioner is subject to expedited removal, she is detained under 8 U.S.C. § 1225(b)(1) rather than § 1231. *See* Dkt. No. 4 at 1–2. For this reason, Respondents conclude that she is ineligible for relief under *Zadvydas. Id.* at 2. Respondents are mistaken. Detention under § 1225(b)(1) ends upon a "final determination of credible fear of persecution." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). Thereafter, "detention under § 1225(b) must end." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Any further detention is governed by § 1231. *See* 8 U.S.C. § 1231(a)(1)(A) (applying whenever "an alien is ordered removed"); *Yousaf v. Thompson*, No. 26-CV-2190, 2026 WL 1507835, at *3–5 (W.D. Tex. May 18, 2026), *R. & R. adopted*, 2026 WL 1513235 (W.D. Tex. May 29, 2026).

## II.   DISCUSSION

"Once an alien is ordered removed, DHS must physically remove [her] from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision." *Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855 (S.D. Tex. 2025) (citing 8 U.S.C. § 1231(a)(6)). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701.

Petitioner's expedited removal order became administratively final on March 26, 2026. *See* Dkt. No. 4-1 at 2. Her detention is therefore presumptively reasonable. That presumption may only be rebutted by a showing "that there is *no* significant likelihood of removal in the reasonably foreseeable future." *Puertas-Mendoza v. Bondi*, No. 25-CV-890, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22. 2025); *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) ("[N]othing in *Zadvydas* precludes a challenge to detention before the presumptively constitutional time period has elapsed."). Petitioner has made no such showing here. A careful review of the Petition reveals nothing more than conclusory allegations regarding likelihood of removal. *See* Dkt. No. 1. Such allegations are never sufficient to prevail under *Zadvydas*.

### III.    CONCLUSION

For the foregoing reasons, Petitioner Qin Chen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**. However, if her detention continues beyond the presumptively reasonable period of detention, she is free to re-urge her request for relief under *Zadvydas*. After all, as the duration of her confinement grows, "what counts as the 'reasonably foreseeable future' . . . would have to shrink." *Zadvydas*, 533 U.S. at 701.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on July _____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

3